**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

December 7, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLAUDE BLACKWELL,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0371** (BOR Appeal No. 2051576)
                (Claim No. 2014005893)

**AH SERVICES,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

The issue on appeal is the amount of disability related to the compensable injury. Mr. Blackwell was awarded 7% permanent partial disability. Through his attorney, Reginald Henry, he argues that he is entitled to a greater permanent partial disability award and that relying on the report of Syam Stoll, M.D., was clearly wrong because it did not accurately reflect his level of disability. AH Services, through Sean Harter, its attorney, argued that the reports of Dr. Stoll and Prasadarao Mukkamala, M.D., were more reliable because they properly used Table 27 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). We hold that because Dr. Stoll properly used the American Medical Association's *Guides*, it was not in error for the lower courts to adopt his opinion.

Mr. Blackwell, an employee for AH Services, was working when he fell out of a truck. Mr. Blackwell was diagnosed with a shoulder sprain, an open wound of the forehead, a head injury, and a wrist sprain. An x-ray revealed a small lesion in the proximal humerus with no evidence of fracture or dislocation. An MRI of Mr. Blackwell's right shoulder revealed full-thickness tears of the supraspinatus and infraspinatus tendons, mild subluxation of the biceps long head tendon, tenosynovitis, and a partial tear of the subscapularis.

Mr. Blackwell underwent right shoulder rotator cuff repair, acromioclavicular joint resection, biceps tenotomy, subacromial decompression, and debridement of the labrum performed by Phillip Branson, M.D. He diagnosed Mr. Blackwell with mild arthritis of the glenohumeral joint, massive retracted rotator cuff tear, biceps tear with associated labral tear, subacromial impingement, and acromioclavicular joint arthritis. After the surgery, Mr. Blackwell

1

underwent four independent medical evaluations to ascertain his level of impairment related to the compensable injury.

Dr. Mukkamala found Mr. Blackwell to have 6% upper extremity impairment for abnormal flexion of the right shoulder and 4% upper extremity impairment for abnormal abduction of the right shoulder under the American Medical Association's *Guides*. Dr. Mukkamala converted the upper extremity impairment to find 6% whole person impairment for the right shoulder. The claims administrator granted Mr. Blackwell a 6% permanent partial disability award in accordance with Dr. Mukkamala's report.

Bruce Guberman, M.D., found Mr. Blackwell to have no impairment for the face and right wrist injuries. Dr. Guberman found 7% upper extremity impairment for abnormal flexion of the right shoulder, 1% upper extremity impairment for abnormal extension, 1% upper extremity impairment for abnormal adduction, 5% upper extremity impairment for abnormal abduction, 2% upper extremity impairment for abnormal internal rotation, and 1% upper extremity impairment for abnormal external rotation under the American Medical Association's *Guides*. Additionally, Dr. Guberman found 10% upper extremity impairment under Table 27 of the American Medical Association's *Guides* for resection arthroplasty of the distal right clavicle. Dr. Guberman found Mr. Blackwell to have a combined total of 15% whole person impairment of the right shoulder. Because Mr. Blackwell had already received a 6% permanent partial disability award, Dr. Guberman recommended an additional 9% impairment.

Robert Walker, M.D., found 7% upper extremity impairment for abnormal flexion of the right shoulder, 2% upper extremity impairment for abnormal extension, 1% upper extremity impairment for abnormal adduction, 6% upper extremity impairment for abnormal abduction, 3% upper extremity impairment for abnormal internal rotation, and 1% upper extremity impairment for abnormal external rotation under the American Medical Association's *Guides*. Additionally, Dr. Walker found Mr. Blackwell to have 10% upper extremity impairment under Table 27 of the American Medical Association's *Guides* for acromioclavicular joint resection with acromioplasty. Dr. Walker found Mr. Blackwell to have a combined total of 17% whole person impairment for the compensable right shoulder injury.

Dr. Stoll found 5% upper extremity impairment for abnormal flexion of the right shoulder, 4% upper extremity impairment for abnormal abduction, 2% upper extremity impairment for abnormal internal rotation, and 1% upper extremity impairment for abnormal external rotation under the American Medical Association's *Guides*. Dr. Stoll found Mr. Blackwell to have a total of 7% whole person impairment of the right shoulder. Dr. Stoll stated that Dr. Guberman and Dr. Walker erred in finding 10% upper extremity impairment under Table 27 of the American Medical Association's *Guides* for distal clavicle resection of the right shoulder. Dr. Stoll noted that according to the operative report of March 7, 2014, Mr. Blackwell underwent an acromioclavicular joint resection, not a distal clavicle resection. Dr. Stoll further noted that Table 27 of the American Medical Association's *Guides* provides no impairment for an acromioclavicular joint resection. Additionally, Dr. Stoll opined that Mr. Blackwell's right shoulder acromioclavicular joint resection was directed at treating pre-existing, non-compensable arthritis of the acromioclavicular joint.

Dr. Mukkamala completed an addendum which stated he agreed with Dr. Stoll's opinion that assigning whole person impairment under Table 27 of the American Medical Association's *Guides* was inappropriate. He also believed that the reports of Dr. Guberman and Dr. Walker found excessive range of motion impairments. He confirmed his finding of 6% whole person impairment.

The Office of Judges concluded that Dr. Guberman's and Dr. Walker's reports were unreliable because both physicians improperly recommended impairment from Table 27 of the American Medical Association's *Guides*. Dr. Guberman recommended 10% upper extremity impairment for resection arthroplasty of the distal right clavicle under Table 27 of the American Medical Association's *Guides*. However, according to the operative report dated March 7, 2013, Mr. Blackwell underwent a resection of the acromioclavicular joint, not a resection of the distal clavicle. Dr. Walker found 10% upper extremity impairment under Table 27 for acromioclavicular joint resection with acromioplasty. Although Dr. Walker found the correct operative procedure, a review of the American Medical Association's *Guides* shows that no impairment is indicated under Table 27 for acromioclavicular joint resection. The Office of Judges found that neither Dr. Mukkamala nor Dr. Stoll recommended any impairment under Table 27 and both arrived at very similar range of motion findings. Considering that Dr. Stoll performed the most recent medical evaluation of Mr. Blackwell, the Office of Judges determined his report was more reliable. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with decision of the Office of Judges as affirmed by the Board of Review. The decision of the Office of Judges was supported by the evidence of record and was not clearly wrong. Because the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker